BROUWER, Receiver, &c., *against* J. H. & W. H. HARBECK.

*Action by receiver of insolvent moneyed corporation.*

IN an action by the receiver of the property and effects of an insolvent moneyed corporation, to recover the amount of certain securities and payments alleged to have been transferred and made by the corporation when insolvent, with the intent of giving a preference to a particular creditor over other creditors of the company, under the 9th section of the article of the Revised Statutes, entitled of "regulations to prevent the insolvency of moneyed corporations, and to secure the rights of their creditors and stockholders" (R. S. 591,) after the plaintiff had given some evidence tending to show the actual insolvency of the corporation at the time of the

alleged transfer and payment, and before the evidence on the part of the plaintiff was closed, the judge presiding at the trial ruled and decided, that to maintain the action the plaintiff must prove open insolvency ; that mere insolvency, unless coupled with proof that defendants knew the company to be insolvent, would not be sufficient, and that the evidence of insolvency must amount to open avowed insolvency of the company, or actual insolvency and knowledge thereof by the defendants. After further evidence on the part of the plaintiff, the judge directed a nonsuit, on the ground that there was no evidence of an open or distinct insolvency, and no sufficient evidence of a knowledge by the defendants of any actual insolvency.

*Held*, that the ruling and decision was erroneous, and that transfers and payments made by a moneyed corporation when actually insolvent, with intent to give a preference to creditors, or in contemplation of insolvency, with a like intent, and actual insolvency ensues, are void within the act, and that in such cases it is not necessary to prove open and avowed insolvency, or to bring home to the party receiving the transfer and payments, knowledge of the pecuniary condition of the company.

*Held*, also, that in this case, under the ruling of the judge in the progress of the trial, the plaintiff failing to establish the open avowed insolvency of the company, or to show knowledge of the insolvency in the defendants, was not called upon to give evidence of the intent of the company to give preference to the defendants over other creditors; that such evidence under the decision, and the other evidence given, would have been nugatory and unavailing.

(S. C., 1 Duer, 114 ; 9 N. Y. 589.)